FILED

OCT 15 2003

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

United States District Court
District of South Carolina

| | |
|---|---|
| Terry Pressley, #137798; ) | C/A No. 6:03-3137-13AK |
| Petitioner; ) | |
| vs. ) | **Report and Recommendation** |
| Henry D. McMaster, Attorney General of South Carolina; ) | |
| Respondent. ) | |

The Petitioner, Terry Pressley (Pressley), is a state prisoner proceeding *pro se* under Title 28 United States Code Section 2254. By definition, the relief which Pressley seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(b)(3). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

### BACKGROUND

Pressley is incarcerated at the McCormick Correctional Institution, McCormick, South Carolina, where he is serving a sentence of forty-five (45) years imprisonment after he was convicted of multiple charges (including manufacture of "crack" cocaine) in January, 1987, by a jury in the Court of General Sessions for Williamsburg County, South Carolina. According to his petition, Pressley sought and was denied relief in the state courts both on direct appeal and on his application for Post-Conviction Relief (PCR). Pressley now attacks the legality of his "crack" cocaine indictment, asserting that he was denied due process in his state court proceedings.

1

3

## *PRO SE* PETITION

Pressley is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff (or petitioner) could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

## PRIOR PETITION UNDER 28 U.S.C. § 2254

The present petition is the second filed in this Court by Pressley with respect to his conviction. His prior petition was filed on January 13, 1992. See Pressley v. Medlock, et al., 4:92-0070 (D.S.C. 1992). Summary judgment was granted the respondents on August 28, 1992. Pressley appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the judgment of this Court on December 20, 1993. See Pressley v. Medlock, et al., 14 F. 3d 596 (4th Cir. 1993), cert. denied, 511 U.S. 1110 (1994).

This Court may take judicial notice of this prior petition. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shop v. Bell & Howell, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); Days v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank &

Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

In order for this Court to entertain the current petition, Pressley must seek and obtain a Pre-Filing Authorization (PFA) from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3).  See In re: Williams, 330 F. 3d 277 (4th Cir. 2003); In re: Fowlkes, 326 F. 3d 542 (4th Cir. 2003).   Pressley can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia 23219-3517.

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return.  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). The petitioner's attention is directed to the notice on the next page.

_10-15-03_  
(Date)  
Greenville, South Carolina

_[signature]_  
William M. Catoe  
United States Magistrate Judge

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 10768**
> **Greenville, South Carolina 29603**